UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ALVIN JOSEPH SCHIFFER**,

Debtor.

Case No. **17-60937-13**

# O R D E R

At Butte in said District this 14th day of June, 2018.

In this Chapter 13 bankruptcy, after due notice, a hearing was held June 14, 2018, in Billings on the Trustee's Motion for Order Vacating Order Confirming Chapter 13 Plan, and on Debtor's Objections to Proof of Claim Nos. 5, 6 and 7 filed by Ford Motor Credit, the Montana Department of Revenue and United Consumer Financial Services, respectively. In his Objection to Proof of Claim No. 5, Debtor requests that the Court deny Proof of Claim No. 5 as a secured claim and allow it as a general unsecured claim, arguing,

> Debtor's ex-wife, who was the codebtor on said loan, retained sole possession of said vehicle in their 2014 dissolution. Debtor has no idea where said vehicle is at present as he has not seen it since 2014. Creditor did attach the original joint loan document, but failed to provide a current accounting of payments for proof of any amount still owing. Upon information and belief, Debtor had believed that Creditor had already repossessed the vehicle or that his ex-wife (co-debtor) was making the payments as she retained the vehicle from the 2014 dissolution. Creditor failed to provide adequate documentation on the status of said loan to the Court and to Debtor.

In accordance with Mont. LBR 3007-2 and Mont. LBF 28, and the decisions by the Ninth Circuit Bankruptcy Appellate Panel in *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005), *In re Campbell*, 336 B.R. 430 (9th Cir. BAP 2005), and *In re Wylie*, 349 B.R. 204 (9th Cir. BAP 2006), Debtor's counsel properly noticed the matter for hearing on May 7, 2018, giving Ford Motor

Credit at least 30 days notice of the pending hearing as required by FED. R. BANKR. P. 3007.

Counsel for Debtor appeared at the hearing and stated that he has not received any response to his Objection by Ford Motor Credit. No appearance was made at the hearing by or on behalf of Ford Motor Credit. The Court deems Ford Motor Credit's failure to respond an admission by Ford Motor Credit and/or its counsel that the averments set forth in Debtor's Objection are well taken and that the Objection should be sustained.

The Montana Department of Revenue, in response to Debtor's Objection to Proof of Claim No. 6, and United Consumer Financial Services, in response to Debtor's Objection to Proof of Claim No. 7, each filed amended proofs of claim that rendered Debtor's Objections to Proof of Claim Nos. 6 and 7 moot. Based upon the disposition of Debtor's Objections, the Trustee withdrew his Motion for Order Vacating Order Confirming Chapter 13 Plan. In accordance with the above,

IT IS ORDERED that the Trustee's Motion for Order Vacating Order Confirming Chapter 13 Plan is deemed withdrawn; and Debtor's Objections to Proof of Claim Nos. 6 and 7 are overruled as moot.

IT IS FURTHER ORDERED that Debtor's Objection to Proof of Claim No. 5 filed by Ford Motor Credit is SUSTAINED; the allowance of Proof of Claim No. 5 as a secured claim is DENIED; and Proof of Claim No. 5 shall be allowed as a general unsecured nonpriority claim in the amount of $9,275.11.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana